UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINETTE LAFONTANT,

        Plaintiff,

- against -

MID-HUDSON FORENSIC PSYCHIATRIC
CENTER and JAMES NEALE,

        Defendants.

**STIPULATION AND ORDER CONCERNING CONFIDENTIAL MATERIAL**

18-CV-00023 (KMK)

It is hereby stipulated and agreed, by and between Plaintiff Antoinette LaFontant and Defendants Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson") and James Neale ("Neale") (collectively, "Defendants"), through their respective counsel, that:

1.     This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment. As used herein:

    a.     "Confidential Information" shall mean all documents and deposition testimony, and all information contained therein, and other information designated as confidential in accordance with the provisions of this Stipulation.

    b.     "Producing party" shall mean the Parties and/or any non-party producing "Confidential Information" in connection with depositions, document production or otherwise.

    c.     "Receiving party" shall mean the Parties and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

2.      The following documents or information produced or provided by the Parties or non-parties during the course of this action, including during the course of discovery, may be designated as Confidential Information:

a.      All personnel files, and all documents and information that relate to the substance or contents of any and all personnel files of any Party or non-Party, including but not limited to personal and administrative files and other personnel information, documents reflecting the salary, health information, job performance, age, race, national origin, and/or gender of any employee or personnel presently or formerly employed by Mid-Hudson;

b.      All documents and information concerning complaints to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of Mid-Hudson, the New York State Office of Mental Health ("OMH"), the New York State Division of Human Rights, the New York State Justice Center for the Protection of People with Special Needs or the United States Equal Employment Opportunity Commission, concerning allegations of discrimination, harassment, retaliation, and/or any other unfair or unlawful treatment or practice at Mid-Hudson or any other New York State agency;

c.      All documents and information concerning or containing personal health information of the Plaintiff or any other party, or non-party, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed pursuant to any Authorization to Release Medical Records executed by the Plaintiff or non-party in this action.

        d.      All documents and information containing mental health information of the Plaintiff or any other party, including but not limited to documents and information covered by HIPAA and records disclosed pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this action.

        3.      Counsel for any Party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such document or information is Confidential Information as defined herein and that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped or otherwise clearly marked with the word "Confidential." A Party may designate documents produced or given by any non-party to this case as "confidential" by notifying all Parties in writing of those documents which are to be treated as confidential within forty-five (45) days after receipt of the documents by counsel for the Party making the confidentiality designation. To designate Confidential Information in deposition testimony (or in exhibits referred to therein), the Party making the confidentiality designation shall either: (a) make an oral statement to that effect on the record, or (b) notify all counsel in writing of those portions which are to be treated as confidential within forty-five (45) days after receipt of the transcript. Prior to the expiration of the forty-five (45) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

        4.      The Confidential Information disclosed shall be maintained by the Parties in a confidential manner. Unless ordered by the Court or otherwise provided for herein, the Confidential Information disclosed shall be held and used by the Receiving Party solely for use

in connection with the above-captioned action, and shall not be given, shown, revealed, or described to any persons other than those described in paragraph 6 of this Stipulation.

5.  A confidentiality designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except for the purposes of this Stipulation. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation constitutes an admission by any party that Confidential Information or any other information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information, and other documents and information, disclosed in this action, in accordance with applicable laws and court rules.

6.  Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Information:

   a.  Shall be used solely in connection with proceedings, hearings, depositions, motions, trial, and appeals in this action and in preparation for the same, and not for any other purpose, including in any other actions, claims, motions, trials or appeals interposed by any Party; and

   b.  May be disclosed only to:

       i.  Counsel representing the Parties, including in-house counsel at OMH, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation for, or litigation of, this action;

        ii.        The Parties to this action and officers or employees of any named Party who is either required by such Party or requested by counsel to assist in the prosecution or defense of the action;

        iii.       The Parties' experts and consultants, as necessary for the conduct of this litigation in accordance with the procedures set forth in paragraphs 8 and 9 of this Stipulation;

        iv.       For purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness if disclosed in accordance with paragraphs 7 and 8 of this Stipulation;

        v.        Any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraphs 7 and 8 of this Stipulation;

        vi.       Court reporters, as necessary to conduct of this litigation; and

        vii.      The Court (including the clerk, clerk's office personnel, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

7. Prior to disclosing or displaying Confidential Information to any person, counsel shall: (a) inform the person of the confidential nature of the information or documents; and (b) inform the person that, pursuant to this Stipulation, he or she shall not disclose the Confidential Information to any other individual or entity, and that he or she shall not use the information or documents for any purpose other than this litigation.

8. Confidential Information may be displayed to and discussed with the persons identified in paragraphs 6(b)(iii), (iv) or (v) of this Stipulation only on the condition that, prior to any such display or discussion, each person must sign a Non-Disclosure Agreement in the form

5

annexed hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court. Each signed Non-Disclosure Agreement must be provided to the Producing party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9. For Confidential Information regarding the personal health and mental health information of the Plaintiff or of any Mid-Hudson patients or employees, or the personal and employment information of the Defendant or Mid-Hudson employees, as described in paragraphs 2(a)-(d) of this Stipulation, counsel may designate such information as "Confidential – Attorneys' Eyes Only." The "Confidential – Attorneys' Eyes Only" designation means that the information may be shared with the persons identified in paragraphs 6(b)(i), (iii), and (v)-(vii) of this Stipulation, but not with the Parties to this action, unless the Confidential Information is already in the non-producing Party's possession, and with the exception that Confidential Information designated "Confidential – Attorneys' Eyes Only" may be shown to officials at OMH who are authorized to approve settlements or whose participation in the litigation is needed. Disclosure of "Confidential – Attorneys' Eyes Only" information to the persons identified in paragraphs 6(b)(iii) and (v) must comply with paragraphs 7 and 8 of this Stipulation.

10. The material to be produced pursuant to this stipulation includes certain material relating to the personal and mental health information of Mid-Hudson patients S.S., D.I., and P.M., including (i) information derived from these patients' clinical records; and (ii) the case file, investigation reports, and related documents resulting from the New York State Justice Center for the Protection of People with Special Needs' investigation of Plaintiff's interaction with patients S.S. and D.I. (Case Nos. 551042895 and 551057609, respectively). The parties agree, and the Court finds, that there is a good and substantial need for counsel, experts, and consultants

6

to have access to such personal and confidential information to litigate this case which, given the protective features of this Order, significantly outweighs the interest in complete confidentiality. The Court therefore finds that, in the interests of justice, such personal and confidential information may be disclosed in connection with the litigation of this case pursuant to the terms of this Stipulation. *See* N.Y. Mental Hygiene Law § 33.13(c)(1).

11. All information subject to confidential treatment in accordance with the terms of this Stipulation which is filed with the Court, including any pleadings, motions or other papers filed with the Court that reproduce, paraphrase or disclose Confidential Information, shall be filed under seal to the extent permitted by law (including any applicable rules of court) and shall be kept under seal until further order of the Court. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

12. If a Party intends to use Confidential Information at trial or in open court on any other occasion in a manner that will disclose the Confidential Information, the Party intending to so use Confidential Information shall first give notice to all other parties and provide those parties with an opportunity to contest disclosure of the Confidential Information.

13. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Information or to cause a Party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court.

14. The disclosure of any document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information, provided that the Party seeking a confidentiality designation gives written notice to counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information was inadvertently produced without such designation. If so designated, the

7

document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation. Disclosure by a Party of Confidential Information without designating it as "confidential" does not waive that Party's right to designate other documents or information as confidential.

15. Confidential Information that is inadvertently disclosed to a person not entitled to receive such information within the terms of this Stipulation must be retrieved when discovered to have been inadvertently disclosed. The Producing party shall immediately notify the other Party of the inadvertent disclosure.

16. Nothing in this Stipulation shall require production of documents as to which objections or privileges apply, preclude a Party from raising or preserving objections to discovery, or waive any Party's right to assert a claim of attorney-client privilege, work-product protection or any other privilege or immunity from discovery. If information subject to a claim of attorney-client privilege, work-product protection or any other privilege or immunity from discovery is inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work-product protection or any other privilege or immunity from discovery to which the Producing party or person would otherwise be entitled. Fed. R. Civ. P 26(b)(5)(B) shall govern the return and use of documents produced in discovery that are subject to a claim of privilege or of protection as trial preparation materials and the determination of claims of privilege and/or protection regarding such documents.

17. All information obtained by a Recipient from a Producing party in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the

Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose.

18. Nothing provided herein shall negate any confidentiality requirement or obligation of the Parties that exists independently of this Stipulation.

19. Nothing in this Stipulation shall be construed to limit, modify, or interfere in any manner with:

    a. The disclosure obligations of OMH under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

    b. The interpretation, application, and implementation by OMH its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions;

    c. The use in the ordinary course of business, and as permitted by law outside of this action, by either Plaintiff, State Defendants, their employees or officials, or by any of Plaintiff's other or former employers or their employees or officials, of documents and information designated as Confidential Information in this action that they legally have in their possession and which were not received through discovery in this action; or

    d. Any Producing party's use of its own Confidential Information.

20. Within thirty (30) days after the conclusion this litigation by settlement or by entry of final judgment no longer subject to further appeal, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Receiving party. In the event that any Party chooses to destroy physical objects and documents, such Party shall certify in writing within thirty (30) days of the

9

conclusion of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, and a copy of pleadings, motion papers, discovery responses, deposition transcripts, deposition exhibits, trial exhibits and trial transcripts.

21. This Stipulation is entered into without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to challenge any designation of confidentiality; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or to move for relief from, or modification of, this Stipulation or any of its provisions. This Stipulation may not be modified without the express written agreement of counsel for the Parties. Absent such an agreement, any Party may seek a modification of this Stipulation upon motion to the Court upon thirty days' written notice to counsel for the other Parties. This Stipulation may be changed by further order of this Court.

22. The Parties may execute this Stipulation in counterparts, and each counterpart when executed shall have the full efficacy of a signed original. Photocopies of such signed counterparts may be used in lieu of the originals for any purpose.

Dated: __ February 26, 2020

MICHAEL RANIS
*Attorney for Plaintiff*
*Antoinette Lafontant*

By *s/Michael Ranis*
Michael Ranis, Esq.
Co-lab Goshen
45 St. John Street
Goshen, New York, 10924
Tel. (914) 584-6445

Dated: February 28, 2020

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

By *s/Matthew Lawson*
Matthew Lawson
Rebecca Culley
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
Tel. (212) 416-6039

SO ORDERED:

Dated: *March 4*, 2020

Hon.
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINETTE LAFONTANT,

    Plaintiff,

- against -

MID-HUDSON FORENSIC PSYCHIATRIC
CENTER and JAMES NEALE,

    Defendants.

18-CV-00023 (K)

I, _____, have been informed by counsel that certain documents or information to be disclosed to me in the above-caption action have been designated as confidential. I hereby certify that I have read and understood the Stipulation and Order Regarding Confidential Information entered in this action, and I hereby agree to abide by its terms and conditions. I further agree that I will not disclose the Confidential Information, or any copies, notes or other records that may be made regarding Confidential Information, except in conformity with this Stipulation and Order. I further agree not to use such information for any purpose other than this litigation. I understand that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

Dated: _____

_____
Signature

_____
Name (Printed)

Sworn to before me this ___ day
of _____, 20__.

_____
NOTARY PUBLIC