MEMO ENDORSED

**Michael Ranis, Esq.**
Co-Lab Goshen, 45 St. John Street
Goshen, New York 10924
(914) 584-6445; mranislaw@gmail.com

October 5, 2020

<u>Via ECF</u>

Honorable Kenneth M. Karas
United States District Court
Southern District of the State of New York
300 Quarropas Street
White Plains, NY 10601

<u>Re: Lafontant v. Mid-Hudson Forensic Psychiatric Center, et al., No. 18-cv-00023 (KMK) (PED)</u>

Dear Judge Karas:

  I write on behalf of plaintiff Antoinette Lafontant in the above-referenced case, only to provide some brief information about an issue raised by defendants in its letter of October 2.

  Plaintiff Lafontant seeks the testimony of Ms. Greenwood because there has been disputed testimony about Ms. Lafontant's complaints in early June 2020. Ms. Lafontant has testified to a different version of events than defendant Mr. Neale has done in his testimony about how he learned of plaintiff's complaints. Those discrepancies are relevant to the liability of Mr. Neale as an individual defendant, and they have differing testimony as to the role and presence of Ms. Greenwood. Defendant is correct that Ms. Hendrickson also had a different recollection, but she also had no recollection of being involved at all in the complaints confirmed in the written complaint of early June about which Lafontant testified.

  Plaintiff informed defendants that she sought on September 2 Ms. Greenwood's deposition for later in the month, and requested address information for her, several weeks before the end of discovery and shortly after the depositions of Mr. Neale and plaintiff. That was repeated in the last week of discovery, but no progress was made in obtaining that address information or a confirmation that defendant Mid-State had no authority to accept a subpoena for this former employee.

  As to the zoom issues, a few have been difficult, others less so. Approximately five have been smooth using the WebX technology needed by defendants, especially when conducted from Mid-Hudson's facility. Some have done well from home, and certainly plaintiff can arrange for the witness to attend remotely in White Plains or Goshen.

1

Defendants are correct that plaintiff does not seek Mr. Freebern's testimony at this time; however, discipline imposed in 2015 may be relevant to claims against defendant Neale, who was employed at that time as the top Chief supervising all of the SHTAs.

Thank you for your consideration of this additional information that likely should have been provided in the first instance.

Plaintiff's application is granted. Discovery is extended for 30 days.

So Ordered.

10/5/20

Respectfully submitted,

s/*Michael Ranis*

Michael Ranis

cc: Matthew Lawson, Esq. (by ecf)
    Rebecca Culley, Esq. (by ecf)

2