

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6039

November 23, 2021

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

**MEMO ENDORSED**

RE:   *Lafontant v. Mid-Hudson Forensic Psychiatric Center, et al.,*
       No. 18-cv-00023 (KMK) (PED)

Dear Judge Karas:

The Office of the Attorney General represents defendants James Neale and Mid-Hudson Psychiatric Center ("Mid-Hudson") in the above-referenced matter. We write pursuant to Rule IX(A)(ii) of Your Honor's Individual Rules to request permission from the Court to (i) redact certain documents to be publicly filed today in support of Defendants' Motion for Summary Judgment; and (ii) file the unredacted versions of such documents under seal.

The documents we request leave to redact and file under seal in this manner contain personal and medical information about Mid-Hudson patients S.S., D.I. and P.M. and corresponding New York State Justice Center for the Protection of People with Special Needs (the "Justice Center") investigation reports of Plaintiff's interaction with patients S.S. and D.I. This information was deemed Confidential Information subject to filing under seal pursuant to Paragraph 11 of the Stipulation and Order of Confidentiality granted by this Court on March 4, 2020 (ECF 54-1)("Protective Order"). *See* Protective Order at ¶¶ 10, 11.

The documents subject to this motion are:

1. Defendants' Rule 56.1 Statement of Facts includes the names of Mid-Hudson patients S.S., D.I. and P.M.

2. The Declaration of Clara Simms dated November 19, 2021 ("Simms Decl.") includes the name of patient P.M at ¶ 13.

3. Exhibit C to the Simms Decl. is part of P.M.'s medical records and contains personal and mental health information about patient P.M.

Hon. Kenneth M. Karas
November 23, 2021
Page 2 of 3

4. Exhibit C to the Declaration of Maria Mendez, dated November 17, 2021 ("Mendez Decl.") is a document from the New York State Justice Center for the Protection of People with Special Needs (the "Justice Center") that includes the name of patient S.S.

5. Exhibit I to the Mendez Decl. is a document from the Justice Center that includes the name of patient D.I. and the name of a Mid-Hudson employee against whom the Justice Center found charges of neglect to be unsubstantiated.

6. The Declaration of Christine Petito-Thorn dated November 18, 2021 ("Thorn Decl."), includes the name of patient P.M. at ¶¶ 15 and 18.

7. Exhibits C, D, E, F, G, H, I and J of the Thorn Decl. are medical records for P.M. that include his name and patient number.

8. Exhibits B, E and L to the Lawson Declaration, dated November 23, 2021 ("Lawson Decl.") include the names of patients S.S., D.I. and P.M.

Apart from the Rule 56.1 Statement of Material Facts and the identified declarations, these documents, consisting primarily of Mid-Hudson medical records, were already produced in unredacted form. Medical records, especially those of nonparties, are of the type of document warranting caution before being placed on the public docket. *See, e.g., Valentini v. Group Health Incorporated*, 2020 WL 7646892, 20-CV-9526 (JPC), at *2 (S.D.N.Y. Dec. 23, 2020). Pursuant to the Protective Order, only confidential portions, consisting mostly of patient names, have been proposed for filing under seal. *Id.* ¶ 11. There are also a few redactions in these documents that correspond to sensitive information as defined by Rule 5.2 that do not require leave from the Court to redact. A redacted copy of these documents will be publicly filed today. The undersigned attempted to confer with Plaintiff about this request but received no response. As Plaintiff is currently *pro se*, defendants will also be providing unredacted hard copies of these documents to Plaintiff when they serve her with the complete Motion for Summary Judgment today.

Defendants have narrowly tailored the request by partially redacting the sensitive information within these documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As required by Your Honor's Individual Rules, Rule (IX)(A)(ii), defendants are also filing the unredacted, highlighted documents under seal.

Thank you for your time and attention to these matters.

Respectfully,
/s/
Rebecca Culley
Assistant Attorney General

Granted. Defendants are to mail a copy of this memo endorsement to Plaintiff and certify that this was done in a filing by November 30, 2022.

SO ORDERED
KENNETH M. KARAS U.S.D.J.

November 24, 2021
White Plains, NY

2

Hon. Kenneth M. Karas
November 23, 2021
Page 3 of 3

cc:     Antoinette Lafontant
        918 West Kaisertown Road
        Montgomery, NY 12549